# Register of Actions

| | | | | |
|---|---|---|---|---|
| Filed by Plaintiff/Petitioner | **Case Number:** | 2025CV033081 | **Division:** | 204 |
| Filed by Defendant/Respondent | **Case Type:** | Personal Injury | **Judicial Officer:** | Joseph Riley Whitfield |
| Filed by Court | **Case Caption:** | Stille, Sheila v. Home Depot Usa Inc | **Court Location:** | Arapahoe County |

| Filing ID | Date Filed | Authorizer | Organization | Filing Party | Document | Document Title | Document Security |
|---|---|---|---|---|---|---|---|
| N/A (Details) | 01/23/2026 4:01 PM | Joseph Riley Whitfield | Arapahoe County | N/A | Order | DIVISION 204 PRETRIAL ORDER AND DISCOVERY PROTOCOL | Public |
| ACCF92FABD775 | 01/23/2026 3:54 PM | John D Mereness, Jose Angel Rodriguez (more) | Giometti and Mereness P C | Home Depot Usa Inc | Answer w/Jury Demand | Defendant's Answer and Jury Demand to Plaintiff's Original Complaint | Public |
| 155D7408A18E4 | 12/30/2025 11:37 AM | Francisco Martinez Esq. | Dulin McQuinn Young | Sheila Stille | Return of Service | Return of Service for Defendant Home Depot USA, Inc. | Public |
| N/A (Details) | 12/18/2025 2:19 PM | Joseph Riley Whitfield | Arapahoe County | N/A | Order | DIVISION 204 DELAY REDUCTION ORDER AND ORDER REGARDING PLAN FOR SETTLEMENT | Public |
| N/A (Details) | 12/18/2025 11:14 AM | Joseph Riley Whitfield | Arapahoe County | N/A | Order - Case Management | Delay Reduction Order | Public |
| 2732E7E9643C5 | 12/18/2025 11:09 AM | Francisco Martinez Esq. | Dulin McQuinn Young | Sheila Stille | Complaint w/Jury Demand | Complaint and Jury Demand | Public |
| | | | | | Civil Case Cover Sheet | Civil Case Cover Sheet | Public |
| | | | | | Summons | Summons - Home Depot USA, Inc. | Public |

# Party Information

| Party Name | Party Type | Party Status | Attorney/Paraprofessional Name |
|---|---|---|---|
| Home Depot Usa Inc | Defendant | Active | JOHN D MERENESS (Giometti and Mereness P C)<br>JOSE ANGEL RODRIGUEZ (Giometti and Mereness P C)<br>TAYLOR ROBERT SEIBEL (Giometti and Mereness P C) |
| Sheila Stille | Plaintiff | Active | FRANCISCO MARTINEZ (Dulin McQuinn Young) |

**EXHIBIT B**

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED<br>December 18, 2025 11:09 AM<br>FILING ID: 2732E7E9643C5<br>CASE NUMBER: 2025CV33081 |
| **Plaintiff: SHEILA STILLE**<br><br>**v.**<br><br>**Defendant: HOME DEPOT USA, INC.** | ▲**COURT USE ONLY**▲ |
| *Attorneys for Plaintiff:*<br>Francisco Martinez, #50227<br>**DULIN MCQUINN YOUNG, LLP**<br>4949 S. Syracuse St., Ste. 400<br>Denver, CO 80237<br>Telephone: 303-246-1111<br>Fax: 866-792-6396<br>Emails: francisco@trialproven.com | Case No.:<br><br>Division: |
| **CIVIL CASE COVER SHEET** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, crossclaim or third-party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☑ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

   > By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

   **Or**

   ☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.



**EXHIBIT B**

3. ☑ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: 12/17/2025 

Sheila Stille

Date: 12/16/2025

Signature of Attorney for Party

**NOTICE**

This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, crossclaim, or third-party complaint.



**EXHIBIT B**

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED<br>December 18, 2025 11:09 AM<br>FILING ID: 2732E7E9643C5<br>CASE NUMBER: 2025CV33081 |
| **Plaintiff: SHEILA STILLE**<br><br>**v.**<br><br>**Defendant: HOME DEPOT USA, INC.** | **▲COURT USE ONLY▲** |
| *Attorneys for Plaintiff:*<br>Francisco Martinez, #50227<br>**DULIN MCQUINN YOUNG, LLP**<br>4949 S. Syracuse St., Ste. 400<br>Denver, CO 80237<br>Telephone: 303-246-1111<br>Fax: 866-792-6396<br>Emails: francisco@trialproven.com | Case No.:<br><br>Division: |
| **COMPLAINT & JURY DEMAND** | |

Plaintiff Sheila Stille, through counsel, Dulin McQuinn Young, LLP, submits the following Complaint and Jury Demand against Defendant Home Depot USA, Inc.:

## PARTIES, JURISDICTION AND VENUE

1. Sheila Stille ("Plaintiff") is now, and has been at all times relevant hereto, a resident of Colorado.

2. Defendant Home Depot USA, Inc., ("Defendant") is a foreign corporation doing business in Colorado, with a principal place of business of 2455 Paces Ferry Road SE, Atlanta, GA 30339.

3. Venue is proper in Arapahoe County pursuant to C.R.C.P. 98, as the acts and omissions giving rise to this action occurred at the Home Depot located at 9401 East Arapahoe Road, Greenwood Village, Colorado.

## GENERAL ALLEGATIONS

4. On Sunday, November 24, 2024, at approximately 6:00 p.m., Plaintiff visited the Home Depot store located at 9401 East Arapahoe Road, Store #1509.

5. On November 24, 2024 Defendant's Store #1509 was open from 7:00 AM to 8:00 PM.

6. On or around November 24, 2024, Defendant owned, leased, and/or operated the building at 9401 East Arapahoe Road, store #1509.

7. When Plaintiff exited the store, a large truck was parked under the overhang directly outside the main entrance.

8. As Plaintiff attempted to walk along the sidewalk, a second truck, equipment, and Home Depot personnel were blocking the walkway near the tool rental department.

9. Because the sidewalk was obstructed, Plaintiff was forced to walk into the parking-lot driving lane to reach her vehicle.

10. Plaintiff's vehicle was parked toward the west end of the parking lot near the garden center.

11. While walking westbound in the traffic lane, Plaintiff looked straight ahead and could not see a speed bump that had been allowed to deteriorate.

12. At approximately 6:00 p.m. on November 24, 2024, the area where Plaintiff walked was dark, and the parking lot lighting was insufficient to illuminate the faded speed bump.

13. The speed bump, formerly painted bright yellow, had faded to black asphalt and was unlit in the dark conditions, as seen below.



14. As a result, the speed bump blended into the surrounding pavement and was effectively invisible to approaching pedestrians.

15. Due to the fact that the speed bump was practically invisible, Plaintiff tripped over the unmarked, unlit speed bump, fell forward, and landed directly onto her left elbow.

16. After being helped up by a Good Samaritan, Plaintiff drove home and then sought medical care at UCHealth Highlands Ranch Hospital, where she was diagnosed with a displaced fracture of the olecranon process of the left ulna.

17. Approximately one month after the incident, Plaintiff returned to the same Home Depot store and spoke with a manager identified as "AJ."

18. Plaintiff walked Manager AJ through the exact path she took when she exited the store and tripped over the unmarked speed bump. During this walkthrough, Manager AJ stated that she could "see that happening," apologized to Plaintiff, and acknowledged that the speed bump "should be repainted."

19. Manager AJ's statements constitute an admission that the condition of the speed bump created a foreseeable tripping hazard, that Defendant recognized the deteriorated condition, and that repainting was a known and feasible corrective action.

20. These admissions further establish that Defendant had actual knowledge of the dangerous condition and failed to take reasonable steps to protect invitees such as Plaintiff.

21. Defendant knew, or should have known, that speed bumps must be clearly marked, painted, and illuminated, especially in areas where pedestrians are required to or may walk.

22. Defendant previously painted speed bumps and pedestrian pathways in this parking lot bright yellow in recognition of this hazard as demonstrated below but allowed the paint to deteriorate and fade to black.



23. Defendant also knew, or should have known, that customers routinely walk through the parking lot carrying items that limit downward visibility, making proper maintenance of walking surfaces essential.

24. Defendant further knew that sidewalk obstructions, such as trucks and equipment, would force customers like Plaintiff into the parking lane.

25. Defendant failed to conduct adequate inspections of its parking lot despite having actual and constructive knowledge that speed bumps and traffic-control features deteriorate over time.

26. Defendant had the ability, but failed to repaint, illuminate, or warn customers of the unmarked speed bump.

27. Defendant failed to maintain a safe pedestrian path by permitting trucks, equipment, and store personnel to block the sidewalk.

28. Plaintiff was an invitee on the premises at all times relevant.

29. Plaintiff had no comparative negligence.

30. As a direct and proximate result of Defendant's negligence and failure to maintain the property in a reasonably safe condition, Plaintiff sustained serious and permanent injuries, including but not limited to a displaced left olecranon fracture requiring multiple surgical repairs.

31. Plaintiff has incurred substantial damages, including medical expenses ($33,435.15+), lost wages, loss of earning capacity, physical pain and suffering, emotional distress, physical impairment, and disfigurement.

32. Plaintiff continues to experience pain, stiffness, and functional limitations and required an additional surgery to remove retained hardware due to persistent symptoms.

33. Upon information and belief, on November 24, 2024, Defendant required its employees to perform regular inspections of the store.

34. Upon information and belief, on November 24, 2024, the area where Plaintiff fell would have been encompassed in the daily inspections.

35. Upon information and belief, on November 24, 2024, the area where Plaintiff fell would have been passed by every Home Depot employee every day, giving them actual or constructive notice of the deteriorating speed bump paint.

36. Upon information and belief, on November 24, 2024, Defendant would have trained their employees to look for trip and fall dangers.

37. Upon information and belief, on November 24, 2024, outside of the daily inspections, Defendant expects its employees to constantly be monitoring the store and its surroundings for any situations that may result in injury or death.

38. Defendant knew, or should have known, that deteriorated speed bumps, faded, unpainted, and unlit, create a dangerous tripping hazard for pedestrians.

39. Defendant knew, or should have known, that sidewalk obstructions would force customers into the traffic lanes where the hidden speed bump was located.

40. Defendant knew, or should have known, that customers routinely traverse the parking lot during evening hours when visibility and lighting are reduced.

41. Defendant failed to exercise reasonable care to maintain, inspect, repair, paint, illuminate, or otherwise make safe the speed bump at issue.

42. Defendant failed to adequately warn customers of the dangerous condition.

43. On November 24, 2024, Defendant owed Plaintiff the duty of care in maintaining the walkways in and out of their store.

44. Defendant breached the duty of care owed to Plaintiff.

45. Defendant failed to ensure that the speed bump in the parking lot was properly illuminated, painted, or otherwise visible.

46. No other party was responsible for maintaining the speed bump.

47. Other than the named Defendant in this action, no other party was responsible for Plaintiff's injury.

48. Plaintiff's physical injuries have necessitated medical treatment.

49. As a result of the fall and resulting elbow fracture, Plaintiff suffered numerous serious and permanent injuries.

50. As a result of his physical injuries, Plaintiff has incurred substantial medical expenses, currently at $33,435.15+. However, these numbers do not reflect the most recent.

51. As a direct and proximate result of the injuries caused by Defendant's negligence, Plaintiff has experienced a substantial loss of earnings and earning capacity.

52. Prior to the incident, Plaintiff worked full-time as salaried faculty at the University of Colorado School of Dentistry, supplemented by part-time clinical work with Saddle Rock Oral & Facial Reconstructive Surgery and monthly teaching at Children's Hospital Colorado.

53. In 2023, Plaintiff earned approximately $189,661.42 from CU alone.

54. In 2024, due to her transition to part-time following the incident, her income decreased to $163,548.29, plus $2,391.00 from Saddle Rock.

55. By 2025, because of persistent functional limitations from her elbow injury and the need to reduce clinical duties requiring sustained arm use, her projected gross earnings are approximately $80,000, reflecting a reduction of more than $100,000 annually.

56. Even conservatively assuming only five additional working years, Plaintiff's wage-loss damages exceed $548,000, with her advanced credentials placing her pre-injury earning potential at up to $349,000 per year.

57. Plaintiff's reduced capacity is permanent, career-limiting, and directly caused by the unsafe condition at Defendant's store.

58. Plaintiff's post-injury income reduction is not attributable to voluntary career change but to physical limitations directly caused by the elbow fracture, surgeries, and persistent functional deficits affecting clinical duties requiring arm strength, stability, and precision.

59. Due to the November 24, 2024 incident, Plaintiff has suffered injuries, damages, and losses including, but not limited to medical expenses exceeding $33,435.15, past and future wage loss and impairment of earning capacity exceeding $548,000, physical and emotional pain and suffer, loss of enjoyment of life, permanent physical impairment, permanent disfigurement, and future medical expenses.

**FIRST CLAIM FOR RELIEF**

*Premises Liability against Defendant Home Depot USA, Inc.*

60. Plaintiff incorporates all other paragraphs as though fully set forth herein.

61. At all times relevant, Defendant was a landowner pursuant to C.R.S. § 13-21-115(1.5)(c).

62. Plaintiff was an invitee on Defendant's property pursuant to C.R.S. § 13-21-115(5)(a).

63. Under C.R.S. § 13-21-115(3)(c)(I), an invitee may recover damages caused by a landowner's failure to exercise reasonable care to protect against dangers the landowner actually knew about or should have known about.

64. Defendant knew, or should have known, that deteriorated speed bumps, faded, unpainted, and unlit, create a dangerous tripping hazard for pedestrians.

65. Defendant knew, or should have known, that sidewalk obstructions would force customers into the traffic lanes where the hidden speed bump was located.

66. Defendant knew, or should have known, that customers routinely traverse the parking lot during evening hours when visibility is reduced.

67. Defendant failed to exercise reasonable care to maintain, inspect, repair, paint, illuminate, or otherwise make safe the speed bump at issue.

68. Defendant failed to adequately warn customers of the dangerous condition.

69. Defendant's failures constitute a breach of its duties under the Colorado Premises Liability Act.

70. As a direct and proximate result, Plaintiff sustained significant physical injuries requiring multiple surgeries, continues to endure ongoing impairment, and faces prolonged recovery.

71. As a direct and proximate result of her injuries, Plaintiff has a significant and ongoing wage loss claim.

72. Plaintiff has suffered economic damages, non-economic damages, physical impairment, and disfigurement, all in amounts to be proven at trial.

**WHEREFORE**, Plaintiff, prays for judgment against Defendant for past and future economic, non-economic, physical disfigurement, and physical impairment damages, including, but not limited to: past and future medical expenses; past and future loss of earnings; reduced earning capacity; past and future physical and mental pain and suffering, inconvenience, emotional stress, and loss of enjoyment of life. Plaintiff seeks interest, costs, fees as permitted by law, and any further relief the Court deems just.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

Respectfully submitted this 18th day of December, 2025.

**DULIN MCQUINN YOUNG, LLP**

*/s/ Francisco Martinez*
Francisco Martinez, #50227
*Attorneys for Plaintiff*
*This document was filed electronically pursuant to Rule 121 § 1-26(7). The original signed document is on file in counsel's office.*

Plaintiff's Address:
Sheila Stille
c/o Dulin McQuinn Young, LLP
4949 S. Syracuse Street, Suite 400
Denver, CO 80237

**EXHIBIT B**

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED<br>December 18, 2025 11:14 AM<br>CASE NUMBER: 2025CV33081 |
| Plaintiff(s): SHEILA STILLE<br><br>v.<br><br>Defendant(s): HOME DEPOT USA, INC. | ▲ **COURT USE ONLY** ▲ |
| | Case Number: 25CV33081<br>Div. 204 |

**DELAY REDUCTION ORDER**
(FOR CASES FILED ON OR AFTER JULY 1, 2015)

This Court is on a delay reduction docket.

A. For all civil actions, the following deadlines must be met:

1. Service of Process: Returns of service on all defendants shall be filed within **63 days** after the date of the filing of the complaint.

2. Default Judgment: Application for default judgment shall be filed within **35 days** after default has occurred.

3. Case Management: Whether a Case Management Conference is required is determined by each Division.

4. Trial Setting: Parties shall comply with the procedure for setting trial as determined by the Judge presiding over the Division to which the case has been assigned.

   a. Actions governed by C.R.C.P. 16 shall be set for trial within **49 days** of the "at issue" date and generally trial will be set within **1 year** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

   b. Actions governed by C.R.C.P. 16.1 shall be set for trial within **42 days** of the "at issue" date and generally trial will be set within **6 months** of the date the Complaint was filed unless the Court determines that the nature of the case requires a later setting.

B. A District Court Civil Cover Sheet (JDF 601) shall be filed with all civil complaints.

**EXHIBIT B**

C. Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

D. Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled "Information Regarding Case(s)" informing the Court of the related case(s) and stating whether consolidation is appropriate.

E. If an attorney or self-represented party failed to comply with the Order, the Court may dismiss the case without prejudice.

Date: December 18th, 2025

BY THE COURT:
ASSIGNED JUDGE

| | |
|---|---|
| **ARAPAHOE COUNTY COMBINED COURTS**<br>**DISTRICT COURT, ARAPAHOE COUNTY, COLORADO**<br>**7325 South Potomac Street**<br>**Centennial, Colorado 80112** | DATE FILED<br>December 18, 2025 2:19 PM<br>CASE NUMBER: 2025CV33081 |
| **Plaintiff:** Stille, Sheila<br><br>**v.**<br><br>**Defendant:** Home Depot Usa Inc | ▲ **COURT USE ONLY** ▲ |
| | **Case Number: 2025CV33081**<br><br>**Courtroom: 204** |
| **DIVISION 204 DELAY REDUCTION ORDER AND ORDER REGARDING PLAN FOR SETTLEMENT** | |

All civil courtrooms are on a delay reduction docket and the Clerk's office automatically generates a "Delay Reduction Order/Order – Case Management". If there are any differences between that document and this Order, the Division 204 Delay Reduction Order shall control.

**IF AN ATTORNEY OR PRO SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE. THIS ORDER IS THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).**

A. In all civil actions, the following deadlines must be met:

1. **Service of Process:** Proof of service of process under C.R.C.P. 4 for all defendants must be filed within **63 days** after the date of filing of the complaint. After **63 days**, the action may be dismissed by the Court against any defendant for whom proof of service has not been filed.

   **Replevin and FED Cases**: In any replevin or FED matter, proof of service on Defendant(s) must be filed at least 48 hours PRIOR to a scheduled hearing on possession. If proof of service is not filed at least 48 hours prior to the hearing, the hearing is subject to being vacated and reset.

2. **Default:** Application for entry of default under C.R.C.P. 55(a) must be filed within **14 days** after default has occurred.

   If all defendants are in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding



**EXHIBIT B**

a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

3. **Trial Setting for All Cases:** The Responsible Attorney as defined in C.R.C.P. 16(b)(2) must file and serve a Notice to Set the case for trial and must complete the setting of the trial no later than **28 days from the date the case is at issue**. (Note: this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g)). A case is "at issue" when: (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b) defaults or dismissal have been entered against all non-appearing parties; or (c) at such other time as the Court directs.

   Trial settings may be obtained by emailing 18division204@judicial.state.co.us. No case will be set for more than 5 days without prior approval of the Court. No case will be set beyond one year after the case is filed without prior approval of the Court. **The Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing.**

4. Cases filed under **C.R.C.P. 16:**

   **Case Management Conference:** Pursuant to C.R.C.P. 16(d)(3), all parties represented by counsel may, no later than **28 days** from the date the case is at issue, file a proposed Case Management Order in compliance with C.R.C.P. 16(b). The parties must file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections. The Court will set a Case Management Conference at its discretion.

5. Cases filed under **C.R.C.P. 16.1:**

   **Certificate of Compliance:** Not later than **49 days** after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h). No Case Management Order or Case Management Conference is required.

6. Additionally, in all civil actions, the following provisions apply:

**Service of this Order:** The Plaintiff or Responsible Attorney must send a copy of this order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

**Related Cases:** An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) informing the Court of the related case(s) and stating whether consolidation is appropriate.

**ORDER REGARDING PLAN FOR SETTLEMENT PURSUANT TO C.R.C.P. 16(b)(7) and C.R.S. § 13-22-311, 313**

1. This Order applies to all civil cases filed at this Court.

2. No later than 35 days after the case is at issue, the parties shall explore the possibility of a prompt settlement or resolution of the case.

3. No later than 42 days after the case is at issue, the parties shall submit a document entitled "Stipulated Plan Regarding Settlement" setting forth their plans for future efforts to settle the case to the Court. Unless notified otherwise by the Court, the Stipulated Plan Regarding Settlement is automatically adopted as an Order of the Court.

The Stipulated Plan Regarding Settlement (ADR Plan) must include the following:

a. Specification of the selected form of ADR. The parties may select any form of ADR defined in C.R.S. § 13-22-302.

b. Designation of a provider who has been contacted and has agreed to provide ADR services to the parties. The parties may select any provider available in the community including Office of Dispute Resolution (ODR). ODR offers moderately priced mediation and other ADR services. ODR can be scheduled at www.ColoradoODR.org or call 720-625-5940.

4. If no stipulated plan is submitted within 42 days of the case being at issue, the Court-ordered plan shall be that the parties must participate in mediation with ODR no later than 63 days prior to the trial date.

5. Failure to comply with this Order may result in sanctions including, but not limited to, loss of trial date.

6. The parties must certify in the proposed Trial Management Order (due 7 days before the date of Pre-Trial Conference) that they have complied with the Stipulated Plan Regarding Settlement or with ODR pursuant to paragraph 3 above.

7. Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

**If an attorney or pro se party fails to comply with this Order, the Court may dismiss the case without prejudice.**

**ORDERED THIS** Thursday, December 18, 2025.

BY THE COURT:

________________________________
Joseph R. Whitfield
District Court Judge

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED<br>December 18, 2025 11:09 AM<br>FILING ID: 2732E7E9643C5<br>CASE NUMBER: 2025CV33081 |
| **Plaintiff: SHEILA STILLE**<br><br>**v.**<br><br>**Defendant: HOME DEPOT USA, INC.** | **▲COURT USE ONLY▲** |
| *Attorneys for Plaintiff:*<br>Francisco Martinez, #50227<br>**DULIN MCQUINN YOUNG, LLP**<br>4949 S. Syracuse St., Ste. 400<br>Denver, CO 80237<br>Telephone: 303-246-1111<br>Fax: 866-792-6396<br>Emails: francisco@trialproven.com | Case No.:<br><br>Division: |
| **SUMMONS – HOME DEPOT USA, INC.** | |

**TO THE ABOVE-NAMED DEFENDANT: HOME DEPOT USA, INC.**

**YOU ARE HEREBY SUMMONED** ~~and required to file with the Clerk of~~ this Court an ANSWER or other RESPONSE to the attached Complaint & Jury Demand. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.



**EXHIBIT B**

Respectfully submitted this 18th day of December, 2025.

**DULIN MCQUINN YOUNG, LLP**

BY: _______________________
Francisco Martinez, #50227
*Attorney for Plaintiff*

This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.



**EXHIBIT B**

| | |
|---|---|
| ☐ County Court ☒ District Court<br>Arapahoe County, Colorado<br><br>District Court,<br>7325 S Potomac St<br>Centennial, Colorado 80112 | DATE FILED<br>December 30, 2025 11:37 AM<br>FILING ID: 155D7408A18E4<br>CASE NUMBER: 2025CV33081 |
| Plaintiff: SHEILA STILLE<br>v.<br>Defendant: HOME DEPOT USA, INC. | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney:<br><br>Phone Number: E-mail:<br>FAX Number: Atty. Reg. #: | Case Number: 2025CV33081<br><br>Division_______ Courtroom_______ |
| **RETURN OF SERVICE** | |

Received by Professional Process Servers, LLC to be served on **Home Depot USA, Inc C/O Registered Agent Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO 80120**.

I, Mark Jurim, do hereby affirm that on the **29th day of December, 2025** at **10:13 am, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Complaint & Jury Demand, Civil Case Cover Sheet, and Summons** to: **Shannon White** as **Clerk For Registered Agent** at the address of: **1900 W. Littleton Boulevard, Littleton, CO 80120**, who stated they are authorized to accept service for **Home Depot USA, Inc**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
12/29/2025 10:13 am Female White 5'8" slim build blonde hair no glasses 30s

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Signature of Process Server

**Mark Jurim**
Process Server

Professional Process Servers, LLC
998 East Davies Avenue
Centennial, CO 80122
(303) 515-7250



**EXHIBIT B**

| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, COLORADO**<br>**7325 South Potomac Street**<br>**Centennial, Colorado 80112** | DATE FILED<br>January 23, 2026 4:01 PM<br>CASE NUMBER: 2025CV33081 |
| **Plaintiffs:** Stille, Sheila<br><br>**v.**<br><br>**Defendants:** Home Depot Usa Inc | ▲ **COURT USE ONLY** ▲ |
| | **Case No: 2025CV33081**<br><br>**Courtroom: 204** |

**DIVISION 204 PRETRIAL ORDER AND DISCOVERY PROTOCOL**

This Pretrial Order and Discovery Protocol shall apply to each case assigned to Division 204 of the Arapahoe County District Court. Counsel and any *Pro Se* parties are expected to familiarize themselves with the content of this Order and all its requirements. Questions regarding the content or interpretation of this Order should be raised before trial. This Order supplements the Delay Reduction Order also issued in this case and supersedes any earlier issued Division 204 Order.

Plaintiff shall serve copies of this Pretrial Order on any Pro Se Parties in accordance with C.R.C.P. 5 and file a Certificate of Service with the Court within 14 days of the date thereof. In the event of any conflict between this Pretrial Order and C.R.C.P. 16 (or 16.1 where applicable) or 121, this Order shall govern.

***Pro Se* (Self-Represented) Parties:** All parties who represent themselves and are not attorneys are bound to abide by this Order, the Colorado Rules of Civil Procedure, and the laws of the State of Colorado in the same manner as attorneys, and you (just like all attorneys) must exhaustively CONFER with the other party(ies) or their counsel before asking the Court for relief. Should you need assistance, you may find the following resources to be helpful:

- FORMS are available online at: https://www.courts.state.co.us/Forms/Index.cfm.
- If you have specific questions there is a SELF-HELP CENTER in this courthouse at 7325 S. Potomac Street, Centennial, Colorado 80122, in Courthouse II, Room 131 (303-645-6845 or 720-568-4844; 18selfhelp@judicial.state.co.us). Please be aware that the employees are not permitted to give legal advice.
- The Arapahoe County Bar Association also has some resources listed on its website at: https://www.arapahoecountybar.org/.



**EXHIBIT B**

**Conferral Requirement**: This Court will strictly enforce the conferral requirements in the Colorado Rules of Civil Procedure, including those found at C.R.C.P. 121, §1-15(8), as well as the conferral regarding Rule 12 motions set forth elsewhere in this Order. This Court requires that the parties confer before filing any and all motions.

## PRETRIAL CASE MANAGEMENT

**Replevin and FED Cases:** In any replevin or FED matter, proof of service on Defendant(s) must be filed at least 48 hours PRIOR to a scheduled hearing on possession. If proof of service is not filed at least 48 hours prior to the hearing, the hearing is subject to being vacated and reset.

**Default**: Application for entry of default under C.R.C.P. 55(a) must be filed within 21 days after default has occurred.

If a Defendant is in default, a motion for entry of default judgment under C.R.C.P. 55(b) must be filed with the application for entry of default. Motions for entry of default judgment must comply with C.R.C.P. 121 § 1-14. Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

**Settings for Case Management Conference, Trial and Trial Management Conference in All Cases:** Within 28 days of the case being at issue, the Responsible Attorney, as defined in C.R.C.P. 16(b)(2), must obtain dates for trial and for the Trial Management Conference by emailing Division 204 at 18Division204@judicial.state.co.us and requesting dates. (**Note:** this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g)). The Responsible Attorney must include all other counsel that have entered their appearance, and any *pro se* parties as cc's on the email.

No case will be set for trial for more than 5 days without prior approval of the Court. The Division Clerk shall set the case for trial. If a Case Management Conference is needed the Division Clerk shall set it within 49 days of the at issue date. The Trial Management Conference will be scheduled at least 2 weeks before the first day of trial. The Responsible Attorney must correspond with counsel and any pro se parties to select from the dates offered by the Division Clerk for the Case Management Conference, Trial, and Trial Management Conference. Within 2 business days of the Division Clerk offering dates, the Responsible Attorney must email Division 204 of the selected dates that are clear on the calendars of counsel and any *pro se* parties, or the Court will select the dates most convenient for its docket. **This Court adheres to the provisions of Chief Justice Directive (CJD) 08-08 which requires that 90% of all civil actions filed shall be concluded within one year of filing**.

Within 2 business days of notifying the Division Clerk of the selected dates, the Responsible Attorney shall file a Notice of Trial, Trial Management Conference and Case Management Conference.

**Motions to Dismiss (C.R.C.P. Rule 12):** The remedy for many, if not most, Rule 12 motions is amendment of the complaint pursuant to C.R.C.P. Rule 15(a). Accordingly, Rule 12 motions shall in the certificate of conferral required by C.R.C.P. Rule 121, 1-15 (8) state with specificity that the parties have discussed amendment of the complaint and the reason not to allow it; the failure to follow this procedure may result in the in the immediate denial of the motion. Additionally, if a Motion to Dismiss is partial in nature (i.e., related to some but not all of the claims), then the responding party by separate pleading shall file an answer to the allegations and claims that are not subject to the Motion to Dismiss.

**Cases filed under C.R.C.P. 16.1:** No later than 49 days after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h). No Case Management Order or Case Management Conference is required unless any party is appearing *pro se*, in which case an in-person Case Management Conference may be required at the Court's discretion. The Responsible Attorney, if there is one, shall email the Division to schedule this Conference. If there is no Responsible Attorney, then the *pro se* Plaintiff is responsible to schedule this Conference.

**Cases NOT filed under C.R.C.P. Rule 16.1:**

**Case Management Order:** No later than 28 days from the date the case is at issue, the parties shall file, in editable format, a proposed Case Management Order that fully complies with C.R.C.P. 16. Since the trial date will already be set, the proposed Case Management Order shall include specific dates for all deadlines, e.g., "May 1, 2023", rather than "49 days before trial". If all parties are represented by counsel the Court will set a Case Management Conference in its discretion. If any party is proceeding *pro se*, the responsible attorney shall set a case management conference.

**Continuances:** C.R.C.P. 121, §1-11 states that all motions for continuance or requests for extension of time will not be considered without a certificate that a copy of the motion has also been served upon the moving attorney's client. This Court will deny any motion for continuance or request for extension of time that fails to include such a certificate.

**Dispute Resolution:** No later than 35 days after the case is at issue, the parties shall discuss the possibility of a prompt settlement or resolution of the case using Alternative Dispute Resolution (ADR) (see, C.R.S. §13-22-302) including the services of the Office of Dispute Resolution (ODR) (www.ColoradoODR.org; 720-625-5940).

No later than 42 days after the case is at issue, the parties shall file a "Stipulated Plan Regarding Settlement" which shall identify the ADR provider, and a date certain when the services shall be provided. If the parties fail to file a Stipulated Plan Regarding Settlement, they shall schedule ODR mediation to be completed no later than 35 days prior to the trial date.

The parties shall certify in their proposed Trial Management Order that they have complied with this part of this Order. Failure to comply may result in sanctions, including without limitation, the trial date being vacated.

**Related Cases:** Parties shall file a Notice of Related Case with the Court, identifying the case number and county of origin and state whether consolidation is appropriate within 35 days after the case is at issue.

## TRIAL PREPARATION

**Trial Management Order:** The Responsible Attorney shall prepare and circulate to all counsel and any pro se parties, and shall be responsible for filing the proposed Trial Management Order (TMO) 7 days before the date of the Trial Management Conference. The TMO shall comport with the provisions set forth in C.R.C.P. 16(f). **ALL parties must participate in the preparation of the TMO**. Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criterion used to determine priority

**Jury Instructions:** If this matter is set for a jury trial, counsel are required to meet and confer regarding jury instructions before submitting the same to the Court. Proposed jury instructions shall be electronically filed no later than 7 days before trial. See C.R.C.P. 16(g). The first party represented by counsel to demand a jury trial and who has not withdrawn that demand shall be responsible for ensuring compliance with this portion of C.R.C.P. 16 and shall be responsible for filing one set of those instructions on which the parties have agreed. This set need not be annotated, and the Court does not need both an original and a copy. Each party shall also file, within the same time frame, those instructions they wish to tender but to which the opposing party will not stipulate. Two copies of these unstipulated instructions shall be filed, one with annotations and one without annotations, and each shall contain page numbers. Only an original of each set need be filed. All these instructions should be filed in editable Word format, Times New Roman with 12 point font, double-spaced. Do not submit the basic introductory or evidentiary instructions, other than a 2:1 Statement of the Case instruction. The Court will provide the basic introductory or evidentiary instructions to the jury.

If applicable to your case, combine the following instructions into one instruction: CJI-Civ. 3:4; 3:7; 3:8; 3:9; 3:10; 3:11; 3:14, 3:15; 3:16. If applicable, combine 5:1 and 5:5 into one instruction. The parties are encouraged to combine any other instructions they believe appropriate.

The parties shall agree upon a succinct 2:1 Statement of the Case instruction that the Court can read to the jury at the beginning of the trial. If the parties cannot agree, one 2:1 instruction shall be submitted with the language upon which the parties cannot agree highlighted, which the Court will then use to formulate the 2:1 instruction.

**Exhibit Notebook:** Instead of creating an exhibit notebook for each juror, the parties shall provide one exhibit notebook to be used by the jury during deliberations. Trial exhibits from each party shall be placed into the notebook unless the exhibit is incapable of being placed into a notebook. All exhibits shall be tabbed with appropriate numbers. Any exhibit which consists of multiple pages shall have each page numbered, with the exhibit number and page number included on every page. Jurors will take the notebook to the jury room when they retire to deliberate.

**Exhibits:** Counsel are encouraged to prepare a written stipulation as to undisputed facts and stipulate to the admission of exhibits as to which there is no controversy. Counsel for each party shall separately prepare an Exhibit Index for all Exhibits they expect to offer, including on the list a note regarding the exhibits upon which admissibility has been stipulated.

Mark all exhibits prior to trial. **All parties shall use numbers**, with Plaintiff's starting at #1, and each Defendant starting with the next 100 series not used by Plaintiff. For example, if Plaintiff marks #s 1-149, then Defendant #1 will start at #201, Defendant #2 will then start at #301 (assuming Defendant #1 does not exceed 100 of their own exhibits). The parties shall not mark any identical exhibit more than once. Exhibits may be grouped together for ease of reference. The civil action number of the case should also be placed on each of the exhibit labels. Each page of each exhibit must be numbered in some fashion for reference within the exhibit.

If an exhibit is voluminous (e.g. bank records, medical records, etc.) the parties are urged to stipulate as to only the pages that are relevant, or agree to a summary page with the relevant information that would be used as the exhibit in the notebooks, with the backup documentation available in court, if necessary. The parties are also urged to stipulate to summary exhibits pursuant to CRE 1006 involving voluminous, stipulated documents which may be summarized for presentation to the jury (especially use for billing invoices).

Unless the Court orders otherwise or all parties agree on the record that exhibits need not be retained, the parties will upload all exhibits tendered and admitted at trial to the case through the CCE e-filing system no later than 2 days after the trial concludes. In cases where exhibits are not capable of being uploaded, the exhibits shall be placed on a portable digital device and preserved untampered by the proponent of the exhibits pending appeal. Otherwise, when uploading exhibits, the parties shall file a caption sheet and label each exhibit accordingly, e.g., Exhibit 101 (admitted); Exhibit 108 (tendered, not admitted). In addition to uploading all the exhibits, the following shall also apply:

The parties shall retain custody of their respective exhibits and depositions, whether or not the exhibit was received into evidence, until the need for the exhibits and depositions has terminated and the time for appeal has expired or all appellate proceedings have been terminated plus sixty-three (63)days. No withdrawn exhibit shall be modified in any manner. No demonstrative exhibit shall be preserved as part of the record in the case, either in this Court or for transmittal to the Court of Appeals. The parties shall provide a photograph(s) of any such exhibit(s) on or before the first day of trial for inclusion in the record. Photograph(s) shall be in digital format and electronically filed and all parties shall agree that the items are accurately represented. The proponent of the exhibit shall retain possession of the item, as with all other respective exhibits upon completion of the trial. Any violation of this order regarding the maintenance of exhibits will be subject to sanctions including contempt of court under C.R.C.P. 107.

**Copies of Exhibits for Court and Counsel**: To avoid unnecessary printing, at least three (3) days prior to trial, counsel shall e-file any exhibits counsel wishes to introduce into evidence. This will serve as the Court's copy of exhibits. Further, counsel are instructed to coordinate the electronic exchange of exhibits prior to trial. This procedure shall serve in lieu of providing hard copies of exhibits to the Court and opposing counsel, absent further Order by the Court.

**Scheduling/Witnesses:** No later than 7 days before trial, each party shall file an **Order of Proof**, with the name and address of each witness, a one sentence description of the subject matter of the witness's testimony, whether the witness is a "will" or "may" call, whether the witness will be called live or by WebEx, and the estimated length of direct, cross, and re-direct examinations. The listing by a party of a witness as a "will" call means that person will be called by that party to testify and will obviate the need for any other party to subpoena that witness to testify at trial.

It is the obligation of counsel to have witnesses scheduled to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day. Accordingly, there shall be no more than a five (5) minutes delay between witnesses. Delay in this regard may result in the Court requiring the non-delaying party to commence its case-in-chief or the delaying party may be deemed to have rested its case.

**Voir Dire, Opening Statements and Closing Arguments:** Counsel will be limited to 30 minutes for voir dire unless otherwise ordered by the Court. Counsel will be limited to 20 minutes for opening statement and 30 minutes for closing argument unless otherwise ordered by the Court. At the Court's discretion, time limits for closing argument may be modified further at the close of the evidence; however, counsel may plan for time limits on closing argument of not less than that time afforded for opening statement.

**Depositions:** If depositions will be used (whether by video or by reading) in lieu of live testimony, you must provide designations of such testimony to opposing counsel no later than 35 days before trial. Any objections and cross-designations shall be made no later than 28 days before trial. Any objections to the cross-designations and any supplemental designations shall be made no later than 21 days before trial.

No later than 21 days before trial, the proponent of the witness to be called to testify by deposition shall email to Division 204 a condensed copy of the transcript of each such witness for which any objections have been made, using the following color coding: the objected to portion of the testimony shall be highlighted in yellow; the objection shall be highlighted in orange. The submission shall be accompanied by a chart showing the page and line numbers for each objected to portion of the endorsed testimony, along with a column for the objection and legal basis thereof, and a column for the proponent's response to the objection and legal basis thereof. The chart shall also be e-filed. The same rules apply to both video and written depositions.

**Court Reporters:** Civil divisions no longer have Court Reporters. Unless the parties decide to bring in a freelance Court Reporter, all court proceedings will be recorded on the Court's digital recording device, ForTheRecord ("FTR"). The parties shall apprise the Court of their desire to use a freelance Court Reporter no later than 28 days before the date of trial.

**Interpreters:** Pursuant to Chief Justice Directive 06-03, the courts shall assign and pay for language interpretation for all parties in interest during or ancillary to a court proceeding. If you require a language interpreter, you must inform the court not later than **35 days prior** to your next court appearance or hearing to ensure that an interpreter is present to assist you. Failure to timely contact the Managing Interpreter may prevent you from receiving an interpreter on the date and time of your scheduled court appearance. A court-appointed interpreter will be scheduled to assist you for all

court appearances at no charge. A language interpreter may only interpret what is said between parties during a hearing and immediately prior to or after the hearing. A language interpreter may not provide legal advice or any other service that is not related to interpreting. Interpreters may not provide any services that may constitute a violation of the language interpreter's Code of Professional Responsibility.

If interpreter services are no longer needed, you must advise the Managing Interpreter not later than 72 hours prior to your scheduled court appearance. Failure to comply with this notice of cancellation will impact the Managing Interpreter's ability to provide interpreter services to other parties and may impact your ability to obtain interpreter services in the future.

**Motions Challenging Admissibility of Expert Testimony:** All motions challenging the admissibility of expert testimony pursuant to C.R.E. 702 shall be filed no later than 70 days before trial, unless the Court and the parties agree to a different deadline in the Case Management Order.

**Other Pre-Trial Motions:** All other pre-trial motions, including Motions *in Limine*, must be filed no later than 35 days before the Trial Management Conference; any Responses shall be filed no later than 14 days after such a Motion is filed. No replies shall be filed as to Motions *in Limine*.

The requirements of **C.R.C.P. 121 (1 – 15), concerning the time for filing motions and the content and length of briefs, will be strictly enforced unless otherwise ordered by the Court**. The Court may rule on motions without hearing, pursuant to C.R.C.P. 121, or the Court may order a hearing prior to trial.

**Trial Briefs:** A single Trial Brief may be filed by each party. Briefs shall be filed no later than 14 days before trial and shall not exceed ten pages in length.

## OTHER MISCELLANEOUS MATTERS

**Discovery Procedures:**[1] Discovery in all cases will be subject to the provisions of the Court ordered Discovery Protocol attached hereto. Settlement. The parties are to e-file a Notice of Settlement within 24 hours of settlement or resolution of their case. It is not productive for the Court to expend unnecessary time and effort on pending matters that are rendered moot by settlement between the parties. Parties shall file a Notice or Stipulation of Dismissal Due to Settlement within 14 days from the date of settlement, unless otherwise ordered by the Court.

**Settlement:** The parties are to e-file a Notice of Settlement within 24 hours of settlement or resolution of their case. It is not productive for the Court to expend unnecessary time and effort on pending matters that are rendered moot by settlement between the parties. Parties shall file a Notice or Stipulation of Dismissal Due to Settlement within 14 days from the date of settlement, unless otherwise ordered by the Court.

[1] This Court applies *The Sedona Principles for Electronic Document Production* and advises counsel to be familiar with the practices and procedures it sets forth. *See* https://thesedonaconference.org/publications.

## DIVISION 204 ORDER RE: DISCOVERY PROTOCOL

The following discovery protocols shall guide all counsel in their conduct of written and oral discovery in this case. This Order is meant to supplement C.R.C.P. 16 and/or 16.1 and to be read in conjunction with those rules.

Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Rules of Civil Procedure are directed toward securing a just, speedy, and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

### DISCOVERY DISPUTES

**This Court does *NOT* permit written discovery motions absent Court Order**.

Should a discovery or litigation dispute arise, prior to contacting the division, the parties shall first file a **Joint Notice of Discovery Dispute**, or, the parties shall file a **Joint Notice of Litigation Dispute**, whichever is applicable. The **Joint Notice** shall be a stipulated document that is no more than three (3) pages total, single-spaced, apprising the Court of: the nature of the dispute, the issues that are the basis of the dispute, and contain supporting legal authority for the positions taken. If the dispute **involves written discovery**, the parties **shall attach** to the Joint Notice the pertinent excerpts of the discovery and responses. If the dispute involves oral discovery, the parties shall attach, if a transcript is available, the pertinent excerpts thereof. Such **Joint Notice** shall contain a certification that counsel and any unrepresented party have meaningfully conferred with each other in person, by telephone, or by video conference prior to submitting the dispute to the Court. Conference via email alone will not suffice for this Order. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003) (The purpose of a conferral requirement is "to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue").

The Court does not otherwise permit written discovery or litigation dispute motions. If the **Joint Notice** does not contain a certificate of conferral, exceeds the page limitation identified above, or otherwise does not follow this Order, then **the Court reserves the right to decline granting a discovery or litigation hearing and/or to order counsel not to charge their clients for the time spent preparing for or attending the hearing**.

Next, the parties will email Division 204 at 18Division204@judicial.state.co.us to request a hearing to be conducted to address the dispute. Absent further order from the Court, the hearing will be virtual (via WebEx). The Court understands that prompt resolution of such disputes is important to the parties so, absent further order from the Court, the Court will endeavor to conduct a brief hearing (generally 30 minutes or less) within seven (7) days of outreach to the Division at a date and time

convenient with the Court's calendar. The Court will accommodate conference calls earlier than 8:00 a.m. and between 12:00 p.m. and 1:00 p.m. if regular court hours are unavailable.

**WRITTEN DISCOVERY**

The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information which may be available, but which is not being provided as a result of the objection raised.

When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within 14 days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

- The information required by C.R.C.P. 26(b)(5);
- The date of the information or material;
- All authors and recipients; and
- The specific privilege or protection which is claimed.

The proponent of the privilege has the burden of establishing that privilege.

## DEPOSITIONS

Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure.

During all depositions, counsel shall adhere strictly to C.R.C.P. 30(d)(1) and (3). No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition). Objections to form shall be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

**THERE SHALL BE NO SPEAKING OBJECTIONS**. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer, "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

**Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony.**

Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under C.R.C.P. 30(d)(3). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

## EXAMINATIONS CONDUCTED PURSUANT TO C.R.C.P. 35

A party being examined pursuant to C.R.C.P. 35 will be permitted to audio record the examination. If the Rule 35 witness uses a questionnaire, it must be provided to counsel for the person to be examined no later than 3 business days before the examination and it must be the same questionnaire as that used with the Rule 35 witness' non-litigation examinations.

**ORDERED THIS** Friday, January 23, 2026.

BY THE COURT:

Joseph R. Whitfield
District Court Judge

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 South Potomac Street<br>Centennial, CO 80112 | |
| **Plaintiff: SHEILA STILLE**<br><br>**v.**<br><br>**Defendant: HOME DEPOT U.S.A., INC.** | ▲ COURT USE ONLY ▲ |
| *Attorneys for Defendant:*<br>John D. Mereness, Atty. Reg. No. 33596<br>Taylor R. Seibel, Atty. Reg No. 48298<br>Jose A. Rodriguez, Atty. Reg. No. 60629<br>**GIOMETTI & MERENESS, P.C.**<br>501 South Cherry Street, Suite 1000<br>Denver, Colorado 80246<br>Telephone: (303) 333-1957<br>jmereness@giomettilaw.com<br>tseibel@giomettilaw.com<br>jrodriguez@giomettilaw.com | Case No: **2025CV33081**<br><br>Division: |
| **DEFENDANT'S ANSWER AND JURY DEMAND TO PLAINTIFF'S ORIGINAL COMPLAINT** | |

Defendant **HOME DEPOT U.S.A., INC.** (herein "Home Depot" and/or "Defendant"), by and through its counsel of record, Giometti & Mereness, P.C., submits its Answer and Jury Demand to Plaintiff's Original Complaint filed on December 18, 2025 (herein, "Complaint"), and in support state the following:

**PARTIES, JURISDICTION AND VENUE**

1. Defendant admits the allegations of Paragraph 1 of the Plaintiff's Original Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Plaintiff's Original Complaint.

3. The allegations of Paragraph 3 of the Plaintiff's Original Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits venue is proper in Arapahoe County, among other available venues.

**EXHIBIT B**

## GENERAL ALLEGATIONS

4. Defendant admits that Plaintiff visited the store at 9401 East Arapahoe Road, Greenwood Village, CO., #1509 ("Subject Store") on November 24, 2024, at approximately 6pm.

5. Defendant admits the statement in Paragraph 5 of the Plaintiff's Original Complaint as to the store hours for Store #1509 on Sunday November 24, 2024.

6. Defendant admits on November 24, 2024, it leased the building where Store 1509 is located as alleged in Paragraph 6 of Plaintiff's Original Complaint and admits that it operated the Subject Store. Defendant denies that it owned the building and therefore denies this allegation as permitted by C.R.C.P. 8(b).

7. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 7 of the Plaintiff's Original Complaint, and therefore denies the same, as permitted by C.R.C.P. 8(b).

8. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 8 of the Plaintiff's Original Complaint, and therefore denies the same, as permitted by C.R.C.P. 8(b).

9. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 9 of the Plaintiff's Original Complaint, and therefore denies the same, as permitted by C.R.C.P. 8(b)

10. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 10 of the Plaintiff's Original Complaint, and therefore denies the same, as permitted by C.R.C.P. 8(b).

11. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 11 of the Plaintiff's Original Complaint, and therefore denies the same, as permitted by C.R.C.P. 8(b).

12. Defendant admits that Plaintiff was walking in the parking lot on November 24, 2024, at approximately 6:00 pm as alleged in Paragraph 12 of Plaintiff's Original Complaint and that at that time, the sun had set. However, denies that the parking lot lights were insufficient to illuminate the speed bumps and/or that the speed bumps were not visible as alleged in Paragraph 12 of the Plaintiff's Original Complaint.

13. Defendant admits that a speed bump is present at the Subject Store and that it was partially painted yellow. Defendant denies that the allegations that the speed bump was unlit in the dark conditions.

14. Defendant denies the allegations of Paragraph 14 of the Plaintiff's Original Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Plaintiff's Original Complaint.

16. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 16 of the Plaintiff's Original Complaint, and therefore denies the same, as permitted by C.R.C.P. 8(b).

17. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 17 of the Plaintiff's Original Complaint that Plaintiff returned to the same store and spoke with a manager, and therefore denies the same, as permitted by C.R.C.P. 8(b).

18. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations with respect to the walkthrough and conversation contained in Paragraph 18 of the Plaintiff's Original Complaint, and therefore denies the same, as permitted by C.R.C.P. 8(b).

19. Defendant denies the allegations of Paragraph 19 of the Plaintiff's Original Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Plaintiff's Original Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Plaintiff's Original Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Plaintiff's Original Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Plaintiff's Original Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Plaintiff's Original Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Plaintiff's Original Complaint.

26. Defendant admits that it has the ability to apply paint to various places on the parking lot including the speed bump but denies that paint is necessary or required to illuminate or warn a pedestrian as alleged in Paragraph 26 of the Plaintiff's Original Complaint.



**EXHIBIT B**

27. Defendant denies the allegations of Paragraph 27 of the Plaintiff's Original Complaint.

28. The allegations of Paragraph 28 of the Plaintiff's Original Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff was present on the Home Depot parking lot on November 24, 2024. Defendant lacks sufficient factual information to admit or deny any remaining allegations in paragraph 28 of the Complaint, and therefore denies same, as permitted by C.R.C.P. 8(b).

29. Defendant denies the allegations of Paragraph 29 of the Plaintiff's Original Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Plaintiff's Original Complaint.

31. Defendant is without sufficient information to form a belief as to the truth or falsity of Plaintiff's specifics with respect to her damages but Defendant denies it caused such damages to the extent so alleged in Paragraph 31 of the Plaintiff's Original Complaint.

32. Defendant is without sufficient information to form a belief as to the truth or falsity of Plaintiff's specifics with respect to her damages but Defendant denies it caused such damages to the extent so alleged in Paragraph 32 of the Plaintiff's Original Complaint.

33. Defendant admits that in the morning of November 24, 2024 a documented inspection of the store was performed. Based on the wording of the allegation in Paragraph 33 of Plaintiff's Original Complaint, Defendant denies it "required its employees to perform regular inspections of the store" though employees were tasked with observing areas as they went about their daily routines and identifying any areas that did not comply with policies/procedures or standards.

34. Defendant admits that an inspections was performed of the parking lot on November 24, 2024.

35. Defendant denies the specific allegations of Paragraph 35 of the Plaintiff's Original Complaint.

36. With respect to Paragraph 36 of Plaintiff's Original Complaint, Defendant admits that as of November 24, 2024, Home Depot employees were tasked with observing areas as they went about their daily routines and identifying any areas that did not comply with policies/procedures or standards including trip and fall issues. Home Depot denies that the very obvious speed bump is a trip and fall hazard to a pedestrian.

37. Defendant denies the specific allegations of Paragraph 37 of the Plaintiff's Original Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Plaintiff's Original Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Plaintiff's Original Complaint.

40. Defendant admits that customers walk in the parking lot during evening hours but Defendant denies the remaining allegations of Paragraph 40 of the Plaintiff's Original Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Plaintiff's Original Complaint.

42. Defendant denies that a warning was required and therefore denies the allegations of Paragraph 42 of the Plaintiff's Original Complaint.

43. The statements in paragraph 43 of the Complaint contain a legal conclusion, as the Court determines the existence of any legal duties. As such, no response is required. To the extent a response is required, Defendant lacks sufficient factual information to admit or deny the allegations in paragraph 43 of the Complaint, and therefore denies same, as permitted by C.R.C.P. 8(b).

44. Defendant denies the allegations of Paragraph 44 of the Plaintiff's Original Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Plaintiff's Original Complaint.

46. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 46 of the Plaintiff's Original Complaint, and therefore denies the same, as permitted by C.R.C.P. 8(b).

47. Defendant denies the allegations of Paragraph 47 of the Plaintiff's Original Complaint.

48. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 48 of the Plaintiff's Original Complaint, but denies that such injuries and medical treatment were as a result of the negligence of Defendant.

49. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 49 of the Plaintiff's Original Complaint, but denies that such injuries and medical treatment were as a result of the negligence of Defendant.

50. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 50 of the Plaintiff's Original Complaint, but denies that such injuries and medical treatment were as a result of the negligence of Defendant.

51. Defendant denies the allegations of Paragraph 51 of the Plaintiff's Original Complaint.

52. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 52 of the Plaintiff's Original Complaint, but, to the extent necessary, denies the same.

53. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 53 of the Plaintiff's Original Complaint, but, to the extent necessary, denies any allegation that its acts or omissions caused injury to Plaintiff and resulting damages.

54. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 54 of the Plaintiff's Original Complaint, but, to the extent necessary, denies any allegation that its acts or omissions caused injury to Plaintiff and resulting damages.

55. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 55 of the Plaintiff's Original Complaint, but, to the extent necessary, denies any allegation that its acts or omissions caused injury to Plaintiff and resulting damages.

56. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 56 of the Plaintiff's Original Complaint, but, to the extent necessary, denies any allegation that its acts or omissions caused injury to Plaintiff and resulting damages.

57. Defendant denies the allegations of Paragraph 57 of the Plaintiff's Original Complaint.

58. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 58 of the Plaintiff's Original Complaint, but, to the extent necessary, denies any allegation that its acts or omissions caused injury to Plaintiff and resulting damages.

59. Defendant is without information sufficient to form a belief as to the truth or falsity of each of the specific allegations contained in Paragraph 59 of the Plaintiff's Original Complaint, but, to the extent necessary, denies any allegation that its acts or omissions caused injury to Plaintiff and resulting damages.

**FIRST CLAIM FOR RELIEF**

*Premises Liability against Defendant Home Depot USA, Inc.*

60. The allegations of Paragraph 60 of the Complaint contain a legal conclusion. As such, no response is required. To the extent a response is required, Defendant lacks sufficient factual information to admit or deny the allegations in paragraph 60 of the Complaint, and therefore denies same, as permitted by C.R.C.P. 8(b).

61. Defendant denies it owned the land where the subject store is located.

62. The allegations of Paragraph 62 of the Plaintiff's Original Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff was present on the Home Depot parking lot on November 24, 2024. Defendant lacks sufficient factual information to admit or deny any remaining allegations in paragraph 62 of the Complaint, and therefore denies same, as permitted by C.R.C.P. 8(b).

63. The allegations of Paragraph 63 are legal conclusions that require no answer by Defendant but to the extent that such statements require answer, they are denied.

64. Defendant denies the allegations of Paragraph 64 of the Plaintiff's Original Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Plaintiff's Original Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Plaintiff's Original Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Plaintiff's Original Complaint.

68. Defendant denies that a warning was necessary for a pedestrian with respect to a speed bump in the parking lot and therefore denies the allegations of Paragraph 68 of the Plaintiff's Original Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Plaintiff's Original Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Plaintiff's Original Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Plaintiff's Original Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Plaintiff's Original Complaint.

**GENERAL DENIAL**

1. Defendant denies each and every allegation of the Complaint not specifically and unequivocally admitted herein, and he denies the relief requested by Plaintiff in her Prayer for Relief.

2. Defendant reserves the right to amend its responses herein as the discovery process may reveal additional information that could impact these responses and any defenses.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's damages, if any, may be limited in whole or in part by the collateral source rule and C.R.S. §13-21-111.6.

2. Plaintiff's, damages, and losses, if any, for which she seeks recovery in this action are, or may be, due to circumstances, physical conditions, or causes that existed before the subject accident, or to circumstances, conditions, or causes that occurred or developed thereafter, for which the Defendant is not legally liable.

3. Plaintiff's claims may be barred in whole or in part, by the lack of proximate causation between the alleged acts, omissions of the Defendant and the alleged harm and alleged damages.

4. Plaintiff's non-economic damages and losses, if any, may be limited by the provisions of C.R.S. §13-21-102.5.

5. Plaintiff may have failed to mitigate their damages.

6. Plaintiff's damages may be reduced or limited by setoff.

7. The Plaintiff's claims and damages may be barred, limited, or reduced by the comparative and/or contributory negligence of the Plaintiff pursuant to C.R.S. §13-21-111.5(5).

8. Plaintiff's claims and/or damages may be barred by an exclusive remedy or by the election of remedies, including the provisions of C.R.S. §13-21-111.5 (1.5)(b).

9. Defendant reserves the right to assert additional defenses, amend or alter its defenses, or withdraw one or more of the defenses set forth above as appropriate after further investigation and discovery pursuant to the applicable rules of civil procedure.

**JURY DEMAND**

Defendant requests a trial by jury on all issues so triable.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant **HOME DEPOT U.S.A., INC**. prays that the Court enter judgment in its favor and against Plaintiff on all claims, award fees and costs to Defendant as permitted by law, and grant such other and further relief as the Court deems just and proper at law or in equity.

Respectfully submitted on January 23, 2026.

**GIOMETTI & MERENESS, P.C.**

*s/ Taylor R. Seibel*____________________
John D. Mereness
Taylor R. Seibel
Jose A. Rodriguez
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2026, I caused the foregoing **DEFENDANT'S ANSWER AND JURY DEMAND TO PLAINTIFF'S ORIGINAL COMPLAINT** to be filed with the Clerk of the above captioned Court, and a true and correct copy served upon the following, electronically via Colorado Court E-filing service:

Francisco Martinez, #50227
DULIN MCQUINN YOUNG, LLP
4949 S. Syracuse St., Ste. 400
Denver, CO 80237
Emails: francisco@trialproven.com
*Attorneys for Plaintiff*

*s/ Natalie Meyer-Chapman*______________
Natalie Meyer-Chapman, Paralegal